28801. KEELER *et al. v.* PEOPLES LOAN & SAVINGS CO.

DECIDED MARCH 7, 1941.

*Ezra E. Phillips,* for plaintiffs in error. *R. B. Pullen,* contra.

FELTON, J. The Peoples Loan and Savings Company sued W. Y. Keeler and others on a promissory note for $300, payable in installments of $15 each, twice monthly. The petition as amended set out that the plaintiff was a "like association" to a building and loan association, and as such association was authorized to charge eight per cent. per annum interest, and to deduct the interest in advance and have the note paid in installments. On the first trial the jury returned a verdict for the defendant. A new trial was granted. On the second trial, after introduction of the plaintiff's evidence, a nonsuit was granted. On the plaintiff's motion the case was reinstated by the judge of the civil court of Fulton County. The defendant appealed to the appellate division of

that court from the order of reinstatement. The appellate division affirmed the judgment of the trial court, and the defendants excepted. The only question with which we are concerned is whether or not the judge erred in reinstating the case after a nonsuit had been granted, and whether the appellate division erred in affirming that order.

It is earnestly contended for the plaintiffs in error that the dedendant in error was really in the business of making loans of $300 and less, and that since it was not licensed to do business under the "small-loan act" it forfeited the principal and interest. We are unable to agree to this contention. The evidence of the plaintiff is to the effect, that the business of the company "is general savings and loan;" that the company sold stock and certificates when borrowers desired to buy them; that savings accounts were accepted which were not subject to check; that the company was licensed under the "building and loan act;" and that the loans made by the company ranged from $50 to $5000. The charter of the corporation provided that the company should have the powers of associations like unto building and loan associations. Under this undisputed state of facts, the evidence demanded a finding that the company was a like association to a building and loan association. The building and loan act (Code, §§ 16-101 et seq.) provides that interest at the rate of eight per cent. per annum may be charged; that this interest may be deducted in advance, but not to exceed eight per cent. discount, and that the payments may be made in installments. The evidence discloses that the loan in the case at bar was for $300; that the discount was $24, or eight per cent. for a period of one year; and that the loan was payable in installments over a period of ten months. It follows that there was being charged on the loan, not eight per cent. per annum as provided by the building and loan act, but eight per cent. for a period of ten months; and this interest exceeds that provided for by the act. Since the company was a like association to a building and loan association, it would be entitled to recover at least the principal amount sued for. It was not error to reinstate the case, nor was it error for the appellate division of the trial court to affirm that judgment.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*